WESTERVELT a. FROST.

*Supreme Court, First District; General Term, November,* 1854.

INDEMNITY BOND.—VALIDITY.

A bond of indemnity given to the sheriff, upon execution, is not invalidated by the
fact that it was given after levy and sale.

Motion for a new trial.

Jacob Frost having recovered a judgment against J. W.
Post, and one Crawford, his attorney issued execution thereon,
to Westervelt, then sheriff. The sheriff levied the execution
upon property appearing to belong to the execution debtors,
but claimed by S. P. Post, and sold it. Before paying over
the proceeds, he required a bond of indemnity, which was given
by the present defendants, Frost, the execution creditor, and
Asa Stebbins. It was in the usual form, in the penalty of one
thousand dollars, and was ante-dated, appearing to have been
given before the sale.

S. P. Post having recovered judgment for twelve hundred
dollars and upwards, against sheriff Westervelt, in an action
instituted in the Superior Court, for the taking of the property
in question, that officer brought the present suit upon the
indemnity bond.

The cause was tried before Mitchell, J., and a jury, 15
June, 1853, and a verdict rendered for the plaintiff, for one
thousand dollars. A motion on the part of the defendants, for
a new trial, was denied, and judgment rendered for plaintiff.
The defendants appealed.

*Lewis* and *Brown* for defendants, contended that the bond
was void, having been taken by the sheriff after, and not
before he had committed the acts complained of. It was taken
by *color* and not by *virtue* of his office.

*A. J. Vanderpool,* for plaintiff. Defendants as obligors, are
estopped from denying the facts recited in the instrument
itself, and nothing but fraud or an illegal purpose can be

shown. Hurlstone on Bonds, 32. Bowman *v.* Taylor, 2 *Ad. & E.* 278. Lee *v.* Clark, 1.*Hill,* 65.

ROOSEVELT, J.—Frost, it appears, was a judgment creditor. His debtors, although not in possession, were supposed by him to be the owners of certain goods. Another person, however, of the name of Post, claimed the ownership, and the sheriff accordingly before completing his execution, demanded of Frost a bond of indemnity, which was given. Post sued the sheriff for trespass in making a levy on the goods, and recovered a judgment for $1228 04, which the sheriff had to pay, besides $268 63, the costs of his defence. He now brings this action on the bond of indemnity, to reimburse his loss.

The defendants insist that the bonds under the circumstances, was unlawfully exacted. The goods it seems had actually been sold by the sheriff before he demanded the bond; but he refused (having received notice of the adverse claim) to pay over the proceeds without the bond of indemnity. Frost gave the indemnity, and demanded and received the avails of the sale, with full knowledge of the claim of Post. He thus not only ratified, but insisted on the sale; and having adopted the act of the sheriff—which it is not pretended was other than *bona fide,*—and his own attorney in the execution .having even attended the sale, he was both legally and morally bound to abide by the consequences of a levy and sale made with his approbation and for his benefit. He should therefore be estopped from denying either the date of the bond which is before the sale, or the recitals in it, which are in conformity with the right of the case.

There is hardship either way. It was a great seeming folly on the one side to incur a liability of $1000, on a judgment of less than $100, and great seeming wrong on the other, to subject a public officer, acting in good faith, to the undivided loss of fifteen hundred dollars, for a commission perhaps not exceeding fifteen.

On the whole, the verdict for $1000 in favor of the sheriff, (the extent of the penalty of the bond) would seem to do no more than justice to that officer. The sale was no doubt a most unfortunate one. Such was the damaged appearance of the

goods in consequence of the fire, that although nearly one hundred persons attended the auction, scarcely one tenth the actual value of the goods was realized. Sheriff's sales, however, are never expected to come up to the standard of private bargains. The law requires them to be made by public auction, and of course assumes that the articles levied on, are to be disposed of at auction prices.

Judgment affirmed, with costs.